S. Craig Adams, Idaho State Bar No. 10563
S.C. ADAMS, ATTORNEY AT LAW, PLLC
2920 N Arthur Street
Boise, Idaho 83703
Tel.: (303) 862-2863
Email: sc.adams1@gmail.com

Brian Knutsen, admitted *pro hac vice*
Jessica Durney, admitted *pro hac vice*
KAMPMEIER & KNUTSEN, PLLC
1300 SE Stark Street, Suite 202
Portland, Oregon 97214
Tel.: (503) 841-6515
Email: brian@kampmeierknutsen.com

*Attorneys for Plaintiff Snake River Waterkeeper*

Honorable B. Lynn Winmill

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SNAKE RIVER WATERKEEPER, | Case No. 1:21-cv-00269-BLW |
| Plaintiff, | CONSENT DECREE |
| v. | |
| IDAHO POWER COMPANY, | |
| Defendants. | |

## I.   STIPULATIONS.

Idaho Power Company ("Idaho Power") owns and operates the Brownlee Dam and Hydroelectric Project ("Dam") located on the Snake River in the State of Idaho.

Snake River Waterkeeper issued notice of intent to sue letters dated January 11, 2021 and February 26, 2021 and filed the Complaint in the above-captioned matter on June 24, 2021, under section 505 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, alleging that Idaho Power in violation section 301(a) of the CWA, 33 U.S.C. § 1311(a), by discharging pollutants

CONSENT DECREE - 1

from Unit 5 and Powerhouse 2 (collectively, "Powerhouse 2") at the Dam without a National Pollutant Discharge Elimination System ("NPDES") permit issued under section 402 of the CWA, 33 U.S.C. § 1342.

Waterkeeper's Complaint seeks declaratory and injunctive relief, the imposition of civil penalties, and an award of litigation expenses, including attorney and expert fees.

Idaho Power applied to the United Stated Environmental Protection Agency ("EPA") for an NPDES permit for discharges from Powerhouse 2 on several occasions beginning in 1975, but EPA never issued an NPDES permit for those discharges.

In 2018, EPA approved an application from the State of Idaho Department of Environmental Quality ("IDEQ") to implement NPDES permitting program in Idaho.

Idaho Power submitted a new application for an NPDES permit for discharges from the Dam, including discharges from Powerhouse 2, to IDEQ in April 2021.

Solely for the purposes of this Consent Decree, Idaho Power and Waterkeeper (collectively, the "Parties") stipulate that the Court has jurisdiction over the Parties and the subject matter of this action under section 505(a) of the CWA, 33 U.S.C. § 1365(a).

The Parties agree that settlement of this matter is in the best interest of the Parties and the public and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving this action.

The Parties stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding the claims and allegations set forth in Waterkeeper's notice letters and Complaint.

The signatories for the Parties certify that they are authorized by the party they represent to enter into these Stipulations and Consent Decree.

CONSENT DECREE - 2

| | |
|---|---|
| SNAKE RIVER WATERKEEPER | IDAHO POWER COMPANY |
| By: s/ F.S. Buck Ryan<br>F.S. Buck Ryan, Executive Director | By: s/ Ryan Adelman<br>Ryan Adelman, Vice President, Power Supply |
| KAMPMEIER & KNUTSEN, PLLC | GIVENS PURSLEY, LLP |
| By: s/ Brian A. Knutsen<br>Brian A. Knutsen, *admitted pro hac vice*<br>Attorneys for Snake River Waterkeeper | By: s/ Preston N. Carter<br>Preston N. Carter, ISB No. 8462<br>Attorneys for Idaho Power Company |

## II.   ORDER AND DECREE.

THIS MATTER came before the Court upon the foregoing Stipulations of the Parties and joint motion for entry of Consent Decree. Having considered the Stipulations and the terms and conditions set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the Parties and the subject matter of this action pursuant to section 505(a) of the CWA, 33 U.S.C. § 1365(a).

2. This Consent Decree shall inure to the benefit of, and be binding upon, the Parties and their successors, assigns, officials, agents, representatives, officers, directors, and employees. Changes in the organizational form or status of a party shall have no effect on the binding nature of this Consent Decree or its applicability.

3. This Consent Decree and any injunctive relief ordered within applies solely to Idaho Power's operation and oversight of Powerhouse 2 at the Dam.

4. This Consent Decree is a full and complete settlement and release of all claims alleged in Waterkeeper's notice of intent to sue letters and Complaint and all other claims known or unknown existing as of the date of entry of this Consent Decree related to alleged discharges of pollutants from Powerhouse 2 at the Dam made without an NPDES permit in violation of

CONSENT DECREE - 3

section 301(a) of the CWA, 33 U.S.C. § 1311(a), that could be asserted under the CWA against Idaho Power, its officers, directors, employees, shareholder, consultants, contractors, or agents. These claims are released and dismissed with prejudice. In addition, Waterkeeper hereby releases, discharges and covenants not to assert any claims, causes of action, suits or demands of any kind in law or in equity regarding alleged discharges of pollutants from Powerhouse 2 at the Dam made without an NPDES permit until either: (i) Idaho Power obtains NPDES permit coverage that addresses discharges of pollutants associated with operations of Powerhouse 2 at the Dam; or (ii) one year after the Court's entry of this Consent Decree, whichever occurs first.

    5.    This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Waterkeeper in this case or of any fact or conclusion of law related to those allegations.

    6.    Idaho Power shall comply with the following requirements until the effective date of an NPDES permit that addresses discharges from Powerhouse 2 at the Dam or until one year after the Court's entry of this Consent Decree, whichever occurs first:

    A.    Idaho Power will continue to diligently pursue its NPDES permit application with IDEQ, including the payment(s) to IDEQ under the agreement signed on November 29, 2021 between Idaho Power and IDEQ to expedite the permitting process.

    B.    Idaho Power shall maintain pH between 6.5 and 9.0 standard units, as measured by monthly grab sampling at all sump discharges at Powerhouse 2.

    C.    Any discharges of oil and grease from Powerhouse 2 will not exceed 5 mg/L as measured by "grab" sampling for all sump discharges at Powerhouse 2 and will be reported to IDEQ at a frequency of once per quarter. Consistent with Idaho Power's Spill

CONSENT DECREE - 4

Prevention Control and Countermeasure Plan required by 40 C.F.R. § 12, Idaho Power will immediately report any visible oils sheens to IDEQ.

        D.      Idaho Power will monitor for temperature (Celsius) of cooling water outflows and sumps associated with Powerhouse 2 on a monthly basis using a "grab" sampling technique. Idaho Power will use a NIST-certified infrared thermometer and submit the sampling results to IDEQ on a quarterly basis.

        E.      Idaho Power will continue to monitor discharges from Powerhouse 2 and submit monitoring reports to IDEQ consistent with the requirements of NPDES ID-002090-7 that is applicable to other areas of the Dam.

    7.    In lieu of a penalty, Idaho Power shall make a payment in the amount of $545,000.00 to the Nez Perce Tribe for one or more projects to reduce water pollution and/or to enhance local water quality conditions in the Snake River basin as described in Exhibit 1 to this Consent Decree. Such payment shall be made within thirty (30) days of the entry of this Consent Decree via electronic funds transfer or wire transfer to the Oregon IOLTA account maintained by Kampmeier & Knutsen, PLLC, which funds will then be transferred to the Nez Perce Tribe. Counsel for Waterkeeper shall provide counsel for Idaho Power the account information necessary for this payment within fourteen (14) days of the Parties' execution of this Consent Decree.

    8.    Within thirty (30) days of entry of this Consent Decree, Idaho Power shall pay Waterkeeper's attorney fees and costs in the amount of $215,000.00 in full and complete satisfaction of any claims Waterkeeper may have under the Clean Water Act for attorney fees and litigation costs and expenses. Such payment shall be made via electronic funds transfer or wire transfer to the Oregon IOLTA account maintained by Kampmeier & Knutsen, PLLC.

CONSENT DECREE - 5

Waterkeeper's above-signed counsel hereby certifies that the actual costs and fees incurred in this matter equal or exceed $215,000.00. Counsel for Waterkeeper shall provide counsel for Idaho Power the account information necessary for this payment within fourteen (14) days of the Parties' execution of this Consent Decree.

9. This Court retains jurisdiction over this matter and, while this Consent Decree remains in force, this case may be reopened without filing fee so that the Parties may apply to the Court for any further order or relief that may be necessary regarding compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree until it is terminated. A precondition to any application to the Court under this paragraph is that the Parties must first seek to resolve the dispute themselves as follows: 1) the party identifying or wishing to raise an issue or dispute must provide the other party a written notice detailing the nature of the issue or dispute; and 2) within thirty (30) days of receipt of such notice, the Parties shall meet and confer regarding the issue or dispute. If no resolution is reached at that meeting or within thirty (30) days of the written notice, whichever occurs first, either party may file a motion with this Court to resolve the dispute.

10. This agreement shall take effect upon entry of the Consent Decree by the Court.

11. The provisions of this Consent Decree shall terminate upon the earlier of i) issuance of an NPDES permit that addresses discharges of pollutants associated with operations of Powerhouse 2 at the Dam and compliance with the requirements in paragraphs II.7 and II.8 or ii) one year after the Court's entry of this Consent decree provided that Idaho Power has complied with the requirements in paragraphs II.7 and II.8.

12. All notices and other communications regarding this Consent Decree shall be in writing and shall be fully given by mailing via first-class mail, postage pre-paid; by delivering

CONSENT DECREE - 6

the same by hand; or by sending the same via e-mail to the following addresses, or to such other addresses as the Parties may designate by written notice, provided that communications that are mailed shall not be deemed to have been given until three business days after mailing:

| For Waterkeeper: | For Idaho Power: |
|---|---|
| Snake River Waterkeeper<br>c/o F.S. Buck Ryan<br>2123 N. 16th Street,<br>Boise, Idaho 83702<br>buck@snakeriverwaterkeeper.org | Idaho Power Company<br>c/o Scott Pugrud<br>P.O. Box 70<br>Boise, Idaho 83702<br>Spugrud2@idahopower.com |
| Kampmeier & Knutsen, PLLC<br>c/o Brian A. Knutsen<br>1300 S.E. Stark Street, Suite 202<br>Portland, Oregon 97214<br>brian@kampmeierknutsen.com | Stoel Rives, LLP<br>c/o Beth S. Ginsberg<br>600 University Street, Suite 3600<br>Seattle, Washington 98101<br>beth.ginsberg@stoel.com |
|  | Givens Pursley, LLP<br>c/o Preston N. Carter<br>601 West Bannock Street<br>Boise, Idaho 83701<br>prestoncarter@givenspursley.com |

13. This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, either written or verbal. This agreement may not be modified or amended except by a writing signed by both Parties and entered by the Court.

14. Each party acknowledges that it has sought and obtained the advice of its own independent legal counsel before executing this Consent Decree. The Parties acknowledge that they have had the opportunity to freely negotiate the terms of this Consent Decree.

15. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The Parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

CONSENT DECREE - 7

16. Each party shall, at the request of the other, execute, acknowledge, and deliver whatever additional documents, and do such other acts, as may be reasonably required in order to accomplish and/or carry out the intent, spirit, and purposes of this Consent Decree.

17. The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the consent judgment by the U.S. Attorney General and the Administrator of the EPA. Therefore, upon the filing of this Consent Decree by the Parties, Waterkeeper will serve copies of it upon the Administrator of the EPA and the U.S. Attorney General.



DATED: September 7, 2022

_____
B. Lynn Winmill
U.S. District Court Judge

CONSENT DECREE - 8